# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs

**STEVEN M. PACE**

Case Number. 8:16-cr-253-T-17AEP
USM Number: 67219-018

Lisa B. McLean, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Three of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 U.S.C. § 5861(d), 26 U.S.C. § 5871 and 18 U.S.C. § 2 | Knowingly Possessing Destructive Devices Not Registered Under the National Firearms Registration and Transfer Record (NFRTR) | February 19, 2016 | One |
| 18 U.S.C. § 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | February 20, 2016 | Three |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count Two of the Indictment is dismissed on government's motion.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

August 31, 2017

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

August 3/31, 2017

Steven M. Pace
8:16-cr-253-T-17AEP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED AND SIX (106) MONTHS. This term consists of FORTY-SIX (46) MONTHS as to Count One of the Indictment and SIXTY (60) MONTHS as to Count Three of the Indictment to run consecutively to Count One.** Defendant shall receive credit for time served as calculated by the United States Bureau of Prisons.

The Court makes the following recommendations to the Bureau of Prisons:

1. 1st choice of incarceration – Coleman, FL for UNICOR, mental health and RDAP
2. 2nd choice of incarceration – Miami, FL
3. UNICOR to send support for two minor children.
4. Medical exam for SERIOUS implications re: heart murmur, allergy implication from previous nasal surgeries and dental work on defendant.
5. RDAP for substance abuse and mental health component for physical abuse as child from age of 2 years old.
6. Vocational education in welding, HVAC, refrigeration, mechanics, carpentry, plumbing, culinary arts, small business administration and computers related to trades.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Steven M. Pace
8:16-cr-253-T-17AEP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS. This term consists of THREE (3) YEARS as to Count One and FIVE (5) YEARS as to Count Three of the Indictment, both such terms to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

Steven M. Pace
8:16-cr-253-T-17AEP

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Steven M. Pace
8:16-cr-253-T-17AEP

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | Waived | N/A |

# SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Final Judgment of Forfeiture issued on April 13, 2017, that are subject to forfeiture.

AO 245B (Rev. 11/16) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.	CASE NO. 8:16-cr-253-T-17AEP

STEVEN M. PACE

## FINAL JUDGMENT OF FORFEITURE

THIS CAUSE comes before the Court upon the United States' Motion for a Final Judgment of Forfeiture, pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, for the following firearms and ammunition:

- a. A Glock, model 30, .45 caliber pistol, Serial Number: MTE730;
- b. A Smith & Wesson, model 19, .357 revolver, Serial Number: 24K3022
- c. 16 rounds assorted ammunition.

On February 10, 2017, the Court entered a Preliminary Order of Forfeiture for the firearms and ammunition described above, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). Doc. 42.

The Court finds that in accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its

1

CASE NO. 8:16-CR-253-T-17 AEP

intent to dispose of the firearms and ammunition on the official government website, www.forfeiture.gov, from February 11, 2017 through March 12, 2017. Doc. 43. The publication gave notice to all third parties with a legal interest in the firearms and ammunition to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interests within 60 days of the first date of publication. No third party has filed a petition or claimed an interest in the firearms and ammunition, and the time for filing such petition has expired.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), all right, title and interest in the firearms and ammunition identified above is CONDEMNED and FORFEITED to the United States for disposition according to law.

Clear title to the firearms and ammunition is now vested in the United States of America.

2

CASE NO. 8:16-CR-253-T-17 AEP

DONE and ORDERED in Tampa, Florida, this 13th day of April, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties/Counsel of Record

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE